UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA LEAR,

     Plaintiff,

v.                                                                        Case No.
                                                                         Honorable

FAMILY DOLLAR STORES OF
MICHIGAN, LLC,

     Defendant.

---

| | |
|---|---|
| TIMOTHY A. HOLLAND (P66218) | LISA T. MILTON (P38129) |
| JASON R. HODGE (P84454) | ADRIENNE HAYES (P81299) |
| LAURA E. SKENDERAS (P85348) | Bowen, Radabaugh & Milton, P.C. |
| Michigan Slip and Fall Lawyers | Attorneys for Defendant |
| Attorneys for Plaintiff | 100 East Big Beaver Road, Suite 350 |
| 212 Cesar E. Chavez Avenue SW, Suite 105A | Troy, MI 48083 |
| Grand Rapids, MI 49503-4067 | Phone: (248) 641-8486/Fax: (248) 641-8219 |
| Phone: (616) 340-2024 | Email: ltmilton@brmattorneys.com |
| Email: tholland@falllaw.com | Email: alhayes@brmattorneys.com |
| Email: jhodge@falllaw.com | |
| Email: lskenderas@falllaw.com | |

---

## NOTICE OF REMOVAL

     PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-captioned action, which is currently pending in the Circuit Court for the County of Cass, in the State of Michigan, is hereby removed by Defendant, Family Dollar Stores of Michigan, LLC to the United States District Court for the Western District of Michigan by the filing of this Notice of Removal with the Clerk of the United States District Court for the Western District of Michigan.  As grounds for removal, Defendant state as follows:

     1.    There is now pending in the Cass Circuit Court Case No. 24-000605-NO, a civil action in which Barbara Lear is the Plaintiff.

2.      Pursuant to 28 U.S.C. § 1446(a), a complete copy of the Complaint and Jury Demand filed by Plaintiff is attached as Exhibit 1; a complete copy of the Answer to the Complaint and Special and/or Affirmative Defenses and Reliance on Jury Demand filed by Family Dollar Stores of Michigan, LLC is attached as Exhibit  2.

3.      Family Dollar Stores of  Michigan, Inc., has been dismissed from this matter. See Order of Dismissal attached at Exhibit 3.

4.      That based on the extent of the Plaintiff's claimed injuries and the allegations as asserted in Plaintiff's Complaint, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost.

5.      This action involves a controversy between citizens of different states.

a.      Plaintiff is, at the time of the commencement of this action, a citizen and resident of the State of Michigan.  Exhibit 1, ¶ 1.

b.      Family Dollar Stores of Michigan, LLC, is a corporation created and organized under the laws of the State of Virginia, with its principal place of business in North Carolina.

c.      The sole member of Family Dollar Stores of Michigan, LLC is Family Dollar Services, LLC, a North Carolina Corporation, which is solely owned by Dollar Tree, Inc., a Virginia Corporation.

d.      Dollar Tree, Inc. is a company publicly traded on the NASDAQ Stock Exchange.

6.      The District Court of the United States is given original jurisdiction of this action pursuant to 28 U.S.C. § 1332.  Removal is being sought pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3).

7.    This notice is being filed with the Court within thirty (30) days of the receipt by the Defendant of the initial pleading.  The Defendant was served with  the Complaint on November 25, 2024.  Exhibit 4.

8.    A true and correct copy of this Notice will be filed with the Clerk for the County of Cass as provided by law.

Wherefore, Defendant, Family Dollar Stores of Michigan, LLC respectfully requests that this matter be removed from Cass County Circuit Court to this Court.

Respectfully submitted,

BOWEN, RADABAUGH & MILTON, P.C.


By:  _/s/Lisa T. Milton_
          LISA T. MILTON (P38129)
          Attorney for Defendant
          100 East Big Beaver Road, Suite 350
          Troy,  MI  48083
          Phone: (248) 641-8486/Fax: (248) 641-8219
          Email: ltmilton@brmattorneys.com

Dated: December 19, 2024

# EXHIBIT 1



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Essence Oliphant<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | JJ Jacobson-Allen<br>Heather Hunter |

| | |
|---|---|
| **Entity:** | Family Dollar Stores of Michigan, LLC<br>Entity ID Number  3697592 |
| **Entity Served:** | Family Dollar Stores of Michigan, LLC |
| **Title of Action:** | Barbara Lear vs. Family Dollar Stores of Michigan, LLC |
| **Matter Name/ID:** | Barbara Lear vs. Family Dollar Stores of Michigan, LLC (16562432) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | 43rd District Court, MI |
| **Case/Reference No:** | 24-000605-NO |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 11/25/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Michigan Slip and Fall Lawyers<br>616-447-8847 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Cass County Clerk    Monica McMichael    FILED: 11/01/2024

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>43rd    **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY** | **SUMMONS** | |||||
|---|---|---|

**24-000605-NO**

| **Court address**<br>60296 M-62, Cassopolis, MI 49031 | **Court telephone no.**<br>(269) 445-4412 |
|---|---|

| Plaintiff's name, address, and telephone no.<br>BARBARA LEAR | v | Defendant's name, address, and telephone no.<br>Family Dollar Stores of Michigan, LLC<br>c/o CSC-Lawyers Incorporating Service Company<br>3410 Belle Chase Way, Suite 600<br>Lansing, MI 48911 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Timothy A. Holland (P66218), Jason R. Hodge (P84454)<br>Laura E. Skenderas (P85348)<br>MICHIGAN SLIP AND FALL LAWYERS<br>212 Cesar E. Chavez Avenue SW, Suite 105A<br>Grand Rapids, MI 49503 (616) 447-8847 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☑ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.    | **SUMMONS** |

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file **a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>11/01/2024 | Expiration date*<br>01/30/2025 | Court clerk<br>Monica McMichael | |
|---|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court. CLERK/REGISTER
BY EMILY BOGUE

**MC 01  (3/23)  SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF CASS**

BARBARA LEAR,

      Plaintiff,

-vs-

FAMILY DOLLAR STORES OF
MICHIGAN, LLC and FAMILY
DOLLAR STORES OF MICHIGAN,
INC.

      Defendants.

Case No.: **24-000605-NO**
Hon.: Carol M. Bealor

---

Timothy A. Holland (P66218)
Jason R. Hodge (P84454)
Laura E. Skenderas (P85348)
MICHIGAN SLIP AND FALL LAWYERS
*Attorneys for Plaintiff*
212 Cesar E. Chavez Avenue SW, Suite 105A
Grand Rapids, MI 49503
(616) 447-8847 / Fax: (248) 254-8076
tzerwick@FallLaw.com
tholland@FallLaw.com
jhodge@FallLaw.com
lskenderas@FallLaw.com

---

## COMPLAINT AND JURY DEMAND

*There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged
in the complaint.*

    Plaintiff, Barbara Lear, by and through her attorneys, Michigan Slip and Fall Lawyers,

states as follows for her Complaint:

**Jurisdiction, Venue, and Parties**

*(left margin, vertical text):* FILED: 11/01/2024    Monica McMichael    Cass County Clerk

*(left margin, vertical text):* Michigan Slip and Fall Lawyers, 212 Cesar E. Chavez Ave SW Suite 105 A, Grand Rapids, MI 49503 (616) 341-2670

1.      Plaintiff is a resident of Cass County, State of Michigan and was on the date of the incident complained of herein,

2.      Defendant, Family Dollar Stores of Michigan, LLC, is a limited liability company that has its principal place of business in Cass County, State of Michigan and/or is a limited liability company that systematically and continuously conducts business in the State of Michigan, including in the County of Cass.

3.      Defendant, Family Dollar Stores of Michigan, Inc., is a corporation that has its principal place of business in Cass County, State of Michigan and/or is a corporation that systematically and continuously conducts business in the State of Michigan, including in the County of Cass.

4.      Defendants are hereinafter collectively referred to as "Family Dollar."

5.      Venue is proper in Cass County as to the Defendants pursuant to MCL § 600.162 as this is the County where the Defendants conduct business and the amount in controversy from Plaintiff's injuries and damages exceeds Twenty-Five Thousand ($25,000.00) Dollars.

### General Allegations

6.      Defendants Family Dollar are in the business of selling several product category selections and products to the general public and regularly invite persons, such as Plaintiff, onto its premises for that purpose during business hours.

7.      On or around May 22, 2023, between the hours of 1:00 p.m. and 2:00 p.m., Plaintiff was lawfully on the premises of the Defendants' retail store located at 901 Spruce Street, Dowagiac, Michigan 49047, as a business invitee.

8.      At the time of the incident, Plaintiff was navigating the store aisle near the dry food section and coolers when she encountered a hazard that had been negligently left in the aisle by Defendant's employee(s).

9.      Specifically, Plaintiff's foot struck the metal shelf leaning against the cooler, which Defendant's employee(s) had left unsecured in the aisle.

10.     As a result of the encounter with the unsecured metal shelf, Plaintiff subsequently fell backwards, wherein she sustained injuries to her left wrist and other parts of her body.

11.     An employee of Defendant assisted Plaintiff to her feet after the fall.

12.     Another shopper witnessed the incident.

13.     Due to the fall, Plaintiff required immediate medical treatment and was transported by emergency medical services to Borgess Lee Memorial Hospital for initial care, followed by further treatment, including surgery and physical therapy.

14.     As a result of Defendants' negligence of allowing and/or creating an inherently dangerous condition on the premises, Plaintiff incurred damages, including, but not limited to:

    a.  Medical expenses;

    b.  Wage loss;

    c.  Disability;

    d.  Permanent and serious disfigurement;

    e.  Pain and suffering; and

    f.  Other economic and noneconomic damages not yet known.

### Count I
### Premises Liability

15.     Plaintiff realleges, reaffirms, and incorporates by reference all allegations in paragraphs 1 through 14 as though fully set forth herein.

Michigan Slip and Fall Lawyers, 212 Cesar E. Chavez Ave SW Suite 105 A, Grand Rapids, MI 49503 (616) 341-2670

16.     On or about May 22, 2023, Plaintiff was a business invitee on Defendants' business premises located at 901 Spruce Street, Dowagiac, Michigan 49047.

17.     As owner, controller, and/or possessor of said premises at the relevant times, Defendants owed a duty to maintain its premises in a reasonable and safe manner, and to protect invitees, such as Plaintiff, from unreasonable risks of foreseeable harm caused by dangerous conditions on the land.

18.     Defendants breached this duty of care in each of the following respects:

   a.  Failing to secure the metal shelf in a manner that would prevent it from becoming a hazard;

   b.  Allowing a dangerous condition to exist on the premises without warning to Plaintiff;

   c.  Failing to properly inspect the premises and ensure the safety of its customers;

   d.  Failing to maintain a safe premises for invitees, such as Plaintiff, by ensuring that the premises was free and clear of inherently dangerous conditions and/or hazards;

   e.  Failing to have policies and procedures in place to ensure that the premises was free and clear of inherently dangerous conditions and/or hazards;

   f.  Failing to protect invitees, such as Plaintiff, from foreseeable harm posed by the inherently dangerous conditions and/or hazards that Defendants allowed to exist on its premises;

   g.  Failing to properly warn or caution Plaintiff regarding the inherently dangerous unsecured metal shelf then existing on Defendants' premises;

   h.  Failing to properly make safe Defendants' business premises for persons, such as Plaintiff, that were attempting to shop at Defendants' store;

   i.  Failing to properly train Defendants' employee(s) on how to properly secure and/or place metal shelves so as to reduce the risk of injury posed to invitees, such as Plaintiff;

   j.  Failing to properly train Defendants' employee(s) to keep invitees, such as Plaintiff, safe while utilizing Defendants' business premises for shopping;

Michigan Slip and Fall Lawyers, 212 Cesar E. Chavez Ave SW Suite 105 A, Grand Rapids, MI 49503 (616) 341-2670

k.  Failing to implement necessary policies and procedures for the safety of invitees, such as Plaintiff;

l.  Failing to properly inspect Defendants' business premises, particularly the store aisle near the dry food section and coolers, prior to Plaintiff's arrival to ensure that the premises was safe for invitees and was free and clear of inherently dangerous conditions and/or hazards;

m.  Actively creating the inherently dangerous condition and/or hazards by failing to properly secure and/or place the metal shelf so as to reduce the risk of injury posed to invitees, such as Plaintiff;

n.  Knowingly and actively creating an inherently dangerous area by actively placing an unsecure metal shelf in an area that increased the risk of injury posed to invitees thereby creating an inherently dangerous condition;

o.  Failing to take reasonable measures within a reasonable time to diminish the hazard of the injury to Plaintiff, an invitee; and

p.  Acts or omissions not yet known by Defendants, their employees, their agents, or their ostensible agents, that they knew or should have known would result in injury to Plaintiff by the inherently dangerous conditions and/or hazards then existing on Defendants' business premises.

19.  As a direct and proximate result of the above identified failures to maintain a safe premises, Plaintiff sustained serious and debilitating injuries and damages as enumerated above.

**Count II**
**General Negligence**

20.  Plaintiff realleges, reaffirms, and incorporates by reference all allegations in paragraphs 1 through 19 as though fully set forth herein.

21.  Defendants and their employees, agents, ostensible agents, and/or representatives, had duties owed to foreseeable invitees and users of said premises, including Plaintiff, to use due care and caution in the exercise and discharge of their responsibilities, so as to eliminate and/or not create unreasonable risks of foreseeable harm to those who would be endangered by their actions and/or inactions under the circumstances.

22.    Defendants and their employees, agents, ostensible agents, and/or representatives, owed Plaintiff a duty of care as an invitee on its premises to act as a reasonable person while Plaintiff was on Defendants' business premises.

23.    Defendants, through their employees, agents, ostensible agents, and/or representatives, breached their general duty of care to Plaintiff and were negligent in the following respects:

    a.    Failing to secure the metal shelf in a manner that would prevent it from becoming a hazard;

    b.    Allowing a dangerous condition to exist on the premises without warning to Plaintiff;

    c.    Failing to properly inspect the premises and ensure the safety of its customers;

    d.    Failing to maintain a safe premises for invitees, such as Plaintiff, by ensuring that the premises was free and clear of inherently dangerous conditions and/or hazards;

    e.    Failing to have policies and procedures in place to ensure that the premises was free and clear of inherently dangerous conditions and/or hazards;

    f.    Failing to protect invitees, such as Plaintiff, from foreseeable harm posed by the inherently dangerous conditions and/or hazards that Defendants allowed to exist on its premises;

    g.    Failing to properly warn or caution Plaintiff regarding the inherently dangerous unsecured metal shelf then existing on Defendants' premises;

    h.    Failing to properly make safe Defendants' business premises for persons, such as Plaintiff, that were attempting to shop at Defendants' store;

    i.    Failing to properly train Defendants' employee(s) on how to properly secure and/or place metal shelves so as to reduce the risk of injury posed to invitees, such as Plaintiff;

    j.    Failing to properly train Defendants' employee(s) to keep invitees, such as Plaintiff, safe while utilizing Defendants' business premises for shopping;

    k.    Failing to implement necessary policies and procedures for the safety of invitees, such as Plaintiff;

Michigan Slip and Fall Lawyers, 212 Cesar E. Chavez Ave SW Suite 105 A, Grand Rapids, MI 49503 (616) 341-2670

l.  Failing to properly inspect Defendants' business premises, particularly the store aisle near the dry food section and coolers, prior to Plaintiff's arrival to ensure that the premises was safe for invitees and was free and clear of inherently dangerous conditions and/or hazards;

m.  Actively creating the inherently dangerous condition and/or hazards by failing to properly secure and/or place the metal shelf so as to reduce the risk of injury posed to invitees, such as Plaintiff;

n.  Knowingly and actively creating an inherently dangerous area by actively placing an unsecure metal shelf in an area that increased the risk of injury posed to invitees thereby creating an inherently dangerous condition;

o.  Failing to take reasonable measures within a reasonable time to diminish the hazard of the injury to Plaintiff, an invitee; and

p.  Acts or omissions not yet known by Defendants, their employees, their agents, or their ostensible agents, that they knew or should have known would result in injury to Plaintiff by the inherently dangerous conditions and/or hazards then existing on Defendants' business premises.

24.    As a direct and proximate result of the above-identified negligence, Plaintiff sustained debilitating injuries and damages as enumerated above.

## Count III
## Active Negligence

25.    Plaintiff realleges, reaffirms, and incorporates by reference all allegations in paragraphs 1 through 24 as though fully set forth herein.

26.    Defendants, including their employees, agents, ostensible agents, and/or representatives, owed Plaintiff a duty to use reasonable care and refrain from acts of negligence or acts that by and through their affirmative acts or omissions would injure her.

27.    Defendants, through their employees, agents, ostensible agents, and/or representatives, breached its duty of care owed to Plaintiff to refrain from acts of negligence towards Plaintiff in all the following respects:

a.  Failing to secure the metal shelf in a manner that would prevent it from becoming a hazard;

Michigan Slip and Fall Lawyers, 212 Cesar E. Chavez Ave SW Suite 105 A, Grand Rapids, MI 49503 (616) 341-2670

b. Allowing a dangerous condition to exist on the premises without warning to Plaintiff;

c. Failing to properly inspect the premises and ensure the safety of its customers;

d. Failing to maintain a safe premises for invitees, such as Plaintiff, by ensuring that the premises was free and clear of inherently dangerous conditions and/or hazards;

e. Failing to have policies and procedures in place to ensure that the premises was free and clear of inherently dangerous conditions and/or hazards;

f. Failing to protect invitees, such as Plaintiff, from foreseeable harm posed by the inherently dangerous conditions and/or hazards that Defendants allowed to exist on its premises;

g. Failing to properly warn or caution Plaintiff regarding the inherently dangerous unsecured metal shelf then existing on Defendants' premises;

h. Failing to properly make safe Defendants' business premises for persons, such as Plaintiff, that were attempting to shop at Defendants' store;

i. Failing to properly train Defendants' employee(s) on how to properly secure and/or place metal shelves so as to reduce the risk of injury posed to invitees, such as Plaintiff;

j. Failing to properly train Defendants' employee(s) to keep invitees, such as Plaintiff, safe while utilizing Defendants' business premises for shopping;

k. Failing to implement necessary policies and procedures for the safety of invitees, such as Plaintiff;

l. Failing to properly inspect Defendants' business premises, particularly the store aisle near the dry food section and coolers, prior to Plaintiff's arrival to ensure that the premises was safe for invitees and was free and clear of inherently dangerous conditions and/or hazards;

m. Actively creating the inherently dangerous condition and/or hazards by failing to properly secure and/or place the metal shelf so as to reduce the risk of injury posed to invitees, such as Plaintiff;

n. Knowingly and actively creating an inherently dangerous area by actively placing an unsecure metal shelf in an area that increased the risk of injury posed to invitees thereby creating an inherently dangerous condition;

Michigan Slip and Fall Lawyers, 212 Cesar E. Chavez Ave SW Suite 105 A, Grand Rapids, MI 49503 (616) 341-2670

o. Failing to take reasonable measures within a reasonable time to diminish the hazard of the injury to Plaintiff, an invitee; and

p. Acts or omissions not yet known by Defendants, their employees, their agents, or their ostensible agents, that they knew or should have known would result in injury to Plaintiff by the inherently dangerous conditions and/or hazards then existing on Defendants' business premises.

28.    As a direct and proximate result of the above identified active negligence, Plaintiff sustained serious and debilitating injuries and damages as enumerated above.

Wherefore, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendants, awarding the following relief:

A.    Compensatory damages in an amount that is fair, just, and reasonable to compensate Plaintiff for her injuries, medical expenses, pain and suffering, and other damages as permitted by law;

B.    All costs and expenses incurred in bringing this action; and

C.    Any other relief this Court deems just and appropriate.

Respectfully submitted,

MICHIGAN SLIP AND FALL LAWYERS

Dated: October 30, 2024          By: _____
                                     Timothy A. Holland (P66218)
                                     Jason R. Hodge (P84454)
                                     Attorneys for Plaintiff

Michigan Slip and Fall Lawyers, 212 Cesar E. Chavez Ave SW Suite 105 A, Grand Rapids, MI 49503 (616) 341-2670

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF CASS**

BARBARA LEAR,

       Plaintiff,

Case No.: 24-000605-NO

Hon.: Carol M. Bealor

-vs-

FAMILY DOLLAR STORES OF
MICHIGAN, LLC and FAMILY
DOLLAR STORES OF MICHIGAN,
INC.

       Defendants.

---

Timothy A. Holland (P66218)
Jason R. Hodge (P84454)
Laura E. Skenderas (P85348)
**MICHIGAN SLIP AND FALL LAWYERS**
*Attorneys for Plaintiff*
212 Cesar E. Chavez Avenue SW, Suite 105A
Grand Rapids, MI 49503
(616) 447-8847 / Fax: (248) 254-8076
tzerwick@FallLaw.com
tholland@FallLaw.com
jhodge@FallLaw.com
lskenderas@FallLaw.com

---

## JURY DEMAND

    Plaintiff, BARBARA LEAR, by and through her attorneys, MICHIGAN SLIP AND FALL

LAWYERS, hereby demands a jury trial in the above-referenced matter.

*(sidebar, left margin)* FILED: 11/01/2024   Monica McMichael   Cass County Clerk

*(vertical text, left margin)* Michigan Slip and Fall Lawyers, 212 Cesar E. Chavez Ave SW Suite 105 A, Grand Rapids, MI 49503 (616) 341-2670

Respectfully submitted,

MICHIGAN SLIP AND FALL LAWYERS

Dated: October 30, 2024

By: _____

Timothy A. Holland (P66218)
Jason R. Hodge (P84454)
Attorneys for Plaintiff

Michigan Slip and Fall Lawyers, 212 Cesar E. Chavez Ave SW Suite 105 A, Grand Rapids, MI 49503 (616) 341-2670

Summons   (3/23)                                            Case No. __24-000605 -NO_____

**┌─────────────────┐**
**│ PROOF OF SERVICE │**
**└─────────────────┘**

**PROOF OF SERVICE**

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

**CERTIFICATE OF SERVICE / NONSERVICE**

☐ I served      ☐ personally      ☐ by registered or certified mail, return receipt requested, and delivery restricted to the
   the addressee (copy of return receipt attached)     a copy of the summons and the complaint, together with the
   attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have
   been unable to complete service on:

| Name | Date and time of service |
|------|--------------------------|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of
   perjury that this certificate of service has been examined by me and that its contents are true to the best of my
   information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|-------------|----------------|-----|--|-----------|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____ .
Attachments (if any)                                  Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

# EXHIBIT 2

Cass County Clerk

Monica McMichael

FILED:    12/18/2024

STATE OF MICHIGAN
CASS COUNTY CIRCUIT COURT

BARBARA LEAR,

     Plaintiff,

v.                                                          Case No. 24-000605-NO
                                                            Honorable Carol M. Bealor

FAMILY DOLLAR STORES OF
MICHIGAN, LLC,

     Defendant.

---

TIMOTHY A. HOLLAND (P66218)            LISA T. MILTON (P38129)
JASON R. HODGE (P84454)                ADRIENNE HAYES (P81299)
LAURA E. SKENDERAS (P85348)            Bowen, Radabaugh & Milton, P.C.
Michigan Slip and Fall Lawyers         Attorneys for Defendant
Attorneys for Plaintiff                100 East Big Beaver Road, Suite 350
212 Cesar E. Chavez Avenue SW, Suite 105A   Troy,  MI  48083
Grand Rapids, MI 49503-4067            Phone: (248) 641-8486/Fax: (248) 641-8219
Phone: (616) 340-2024                  Email: ltmilton@brmattorneys.com
Email: tholland@falllaw.com            Email: alhayes@brmattorneys.com
Email: jhodge@falllaw.com
Email: lskenderas@falllaw.com

---

**DEFENDANT'S ANSWER TO COMPLAINT AND
SPECIAL AND/OR AFFIRMATIVE DEFENSES**

    Defendant, Family Dollar Stores of Michigan, LLC, represented by counsel, Bowen, Radabaugh & Milton, P.C., answers Plaintiff's complaint as follows:

**Jurisdiction, Venue and Parties**

    1.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

    2.    It is admitted that  Family Dollar Stores of Michigan, LLC, is a limited liability Virginia corporation with it principal place of business located in Chesapeake, Virginia and that it conducts business in Cass County, State of Michigan.  It is denied that its principal place of business is Cass County, State of Michigan.

1

3.      The allegations of this paragraph are denied for the reason that they are untrue. Family Dollar Stores of Michigan, Inc has been dismissed.

4.      Family Dollar Stores of Michigan, Inc has been dismissed.

5.      The allegations of this paragraph are denied for the reason that they are untrue.

6.      Family Dollar Stores of Michigan, Inc has been dismissed.  As to Defendant Family Dollar Stores of Michigan, LLC, no contest.

7.      This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

8.      It is denied that Plaintiff encountered a hazard that had been negligently left in the aisle by Defendant's employees.  As to the remaining allegations contained in this paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

9.      The allegations of this paragraph are denied for the reason that they are untrue.

10.     The allegations of this paragraph are denied for the reason that they are untrue.

11.     No contest.

12.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

13.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

14.     The allegations of this paragraph are denied for the reason that they are untrue.

**Count I – Premises Liability**

15.    This Defendant hereby incorporates by reference its answers to paragraphs 1 through 14, as if set forth herein word for word.

16.    This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs..

17.    The allegations of this paragraph are denied for the reason that they are untrue.

18.    The allegations of this paragraph, including subparagraphs a. through p., are denied for the reason that they are untrue.

19.    The allegations of this paragraph are denied for the reason that they are untrue.

**Count II - Negligence**

20.    This Defendant hereby incorporates by reference its answers to paragraphs 1 through 19, as if set forth herein word for word.

21.    The allegations of this paragraph are denied for the reason that they are untrue.

22.    The allegations of this paragraph are denied for the reason that they are untrue.

23.    The allegations of this paragraph, including subparagraphs a. through p., are denied for the reason that they are untrue.

24.    The allegations of this paragraph are denied for the reason that they are untrue.

**Count III – Active Negligence**

25.    This Defendant hereby incorporates by reference its answers to paragraphs 1 through 24, as if set forth herein word for word.

26.    The allegations of this paragraph are denied for the reason that they are untrue.

27.     The allegations of this paragraph, including subparagraphs a. through p., are denied for the reason that they are untrue.

28.     The allegations of this paragraph are denied for the reason that they are untrue.

Wherefore, Defendant Family Dollar Stores of Michigan, LLC respectfully requests this Honorable Court deny the relief requested by Plaintiff and instead, enter a Judgment of no cause for action, together with costs and attorney fees so wrongfully incurred.

Respectfully submitted,

BOWEN, RADABAUGH & MILTON, P.C.


By:  /s/Lisa T. Milton
        LISA T. MILTON (P38129)
        Attorney for Defendant
        100 East Big Beaver Road, Suite 350
        Troy,  MI  48083
        Phone: (248) 641-8486/Fax: (248) 641-8219
        Email: ltmilton@brmattorneys.com

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

Defendant, Family Dollar Stores of Michigan, LLC, represented by counsel, Bowen, Radabaugh & Milton, P.C., states for its special and/or affirmative defenses the following:

1.      That Plaintiff was over fifty percent at fault for the incident and is not entitled to any noneconomic damages.

2.      That Plaintiff's claim is barred by the Doctrine of Res Judicata or Collateral Estoppel.

3.      That the condition which caused Plaintiff's fall was open and obvious.

4.      That this Defendant did not have actual or constructive notice of the condition which caused Plaintiff's fall.

5.      That this Defendant took reasonable measures within a reasonable time to diminish any alleged hazards.

6.      That Plaintiff's complaint fails to state a claim upon which recovery can be based.

7.      Defendant demands that Plaintiff join all claims against Defendant(s) pursuant to MCR 2.203.

8.      That the Plaintiff had a duty to mitigate her damages and has failed to do so.

9.      That the claims set forth by the Plaintiff are barred by the Statute of Limitations and/or Statute of Repose.

10.     That the Plaintiff's claim is barred, in whole or in part, by the provisions of the Michigan Workers' Compensation Act, MCLA 418.131.

11.     That the Plaintiff's claim for exemplary damages are not proper, and this Defendant will move this Honorable Court to strike said paragraph as a matter of law.

12.     That the Plaintiff was negligent, contributorily negligent, comparatively negligent in failing to act as a reasonable, prudent person would under the circumstances and in failing to take reasonable precautions for her own safety.

13.     That there was sufficient intervening, superseding negligence of others, including the Plaintiff, and others unknown to this Defendant at this time.

14.     That the Defendant has not properly been served with process pursuant to the Michigan Court Rules, and this Defendant reserves the right to file a motion to quash said purported service of process.

15.     That the claims set forth by the Plaintiff are barred by release and/or accord and satisfaction.

16.     Plaintiff's claims against this Defendant are frivolous within the meaning of MCR 2.114, MCLA 600.2591, and MCLA 600.2949(2), thus entitling this Defendant to an award of actual costs and reasonable attorneys fees.  Defendant gives notice of its intent to seek reimbursement of all recoverable costs, expenses and actual attorney fees to the fullest extent permitted by law.

17.     Defendant is not a Primary Plan nor a Secondary Plan under the Medicare Secondary Payer Act, and therefore Plaintiff does not have a private cause of action against Defendant under the Act.

18.     To the extent that a fact finder determines that employees of Family Dollar Stores of Michigan, LLC caused or contributed to Plaintiff's injury, the employees were acting outside the scope of their employment.

19.     This Defendant reserves the right to plead and prove further Special and/or Affirmative Defenses that may become known through discovery and/or trial of the above-entitled cause.

Respectfully submitted,

BOWEN, RADABAUGH & MILTON, P.C.


By:  _/s/Lisa T. Milton_____
          LISA T. MILTON (P38129)
          Attorney for Defendant
          100 East Big Beaver Road, Suite 350
          Troy,  MI  48083
          Phone: (248) 641-8486/Fax: (248) 641-8219
Dated: December 18, 2024    Email: ltmilton@brmattorneys.com

**Proof of Service**

The undersigned certifies that this entire document was served upon the attorneys of record of all parties to the above cause by regular mail and by emailing the same to them at their respective business and email addresses as disclosed by the pleadings of record herein on December 18, 2024.

_/s/Kim King_____

6

Cass County Clerk    Monica McMichael    FILED: 12/18/2024

STATE OF MICHIGAN
CASS COUNTY CIRCUIT COURT

BARBARA LEAR,

    Plaintiff,

v.                                   Case No. 24-000605-NO
                                       Honorable Carol M. Bealor

FAMILY DOLLAR STORES OF
MICHIGAN, LLC,

    Defendant.

---

| | |
|---|---|
| TIMOTHY A. HOLLAND (P66218) | LISA T. MILTON (P38129) |
| JASON R. HODGE (P84454) | ADRIENNE HAYES (P81299) |
| LAURA E. SKENDERAS (P85348) | Bowen, Radabaugh & Milton, P.C. |
| Michigan Slip and Fall Lawyers | Attorneys for Defendant |
| Attorneys for Plaintiff | 100 East Big Beaver Road, Suite 350 |
| 212 Cesar E. Chavez Avenue SW, Suite 105A | Troy,  MI  48083 |
| Grand Rapids, MI 49503-4067 | Phone: (248) 641-8486/Fax: (248) 641-8219 |
| Phone: (616) 340-2024 | Email: ltmilton@brmattorneys.com |
| Email: tholland@falllaw.com | Email: alhayes@brmattorneys.com |
| Email: jhodge@falllaw.com | |
| Email: lskenderas@falllaw.com | |

---

**DEFENDANT'S RELIANCE ON JURY DEMAND**

    Defendant Family Dollar Stores of Michigan, LLC, represented by counsel, Bowen, Radabaugh & Milton, P.C., hereby relies upon the jury demand filed by the Plaintiff in this action.

                        Respectfully submitted,

                        BOWEN, RADABAUGH & MILTON, P.C.

                    By:  /s/Lisa T. Milton
                        LISA T. MILTON (P38129)
                        Attorney for Defendant
                        100 East Big Beaver Road, Suite 350
                        Troy,  MI  48083
                        Phone: (248) 641-8486/Fax: (248) 641-8219
                        Email: ltmilton@brmattorneys.com

Dated: December 18, 2024

**Proof of Service**

The undersigned certifies that this entire document was served upon the attorneys of record of all parties to the above cause by regular mail and by emailing the same to them at their respective business and email addresses as disclosed by the pleadings of record herein on December 18, 2024.

_/s/Kim King_

# EXHIBIT 3

Cass County Clerk

Monica McMichael

FILED: 12/10/2024

STATE OF MICHIGAN
CASS COUNTY CIRCUIT COURT

BARBARA LEAR,

      Plaintiff,

v.

                                                   Case No. 24-000605-NO
                                                   Honorable Carol M. Bealor

FAMILY DOLLAR STORES OF
MICHIGAN, LLC, and FAMILY DOLLAR
STORES OF MICHIGAN, INC,

      Defendants.

---

| TIMOTHY A. HOLLAND (P66218) | LISA T. MILTON (P38129) |
|---|---|
| JASON R. HODGE (P84454) | ADRIENNE HAYES (P81299) |
| LAURA E. SKENDERAS (P85348) | Bowen, Radabaugh & Milton, P.C. |
| Michigan Slip and Fall Lawyers | Attorneys for Defendants |
| Attorneys for Plaintiff | 100 East Big Beaver Road, Suite 350 |
| 212 Cesar E. Chavez Avenue SW, Suite 105A | Troy, MI 48083 |
| Grand Rapids, MI 49503-4067 | Phone: (248) 641-8486/Fax: (248) 641-8219 |
| Phone: (616) 340-2024 | Email: ltmilton@brmattorneys.com |
| Email: tholland@falllaw.com | Email: alhayes@brmattorneys.com |
| Email: jhodge@falllaw.com | |
| Email: lskenderas@falllaw.com | |

---

**STIPULATED ORDER OF DISMISSAL OF
DEFENDANT FAMILY DOLLAR STORES OF MICHIGAN, INC. ONLY**

At a session of said Court held
in Cass County, Michigan
on _____
                12/10/2024

PRESENT:    Honorable _____
                  Carol M. Bealor, P57068
                        Circuit Court Judge

Upon stipulation of the parties, and the Court being fully advised;

IT IS HEREBY ORDERED that the above-entitled cause is hereby dismissed as to Defendant, Family Dollar Stores of Michigan, Inc., only, without prejudice and without costs as to either party.

This Order does not resolve the last pending claim, nor does it close the file.

Honorable Carol Montavon Bealor, P57068, Signed: 12/10/2024

Circuit Court Judge

Approved as to form and
Notice of Entry Waived:

_/s/Jason R. Hodge (w/consent)_
JASON R. HODGE (P84454)
Attorney for Plaintiff

_/s/Lisa T. Milton_
LISA T. MILTON (P38129)
Attorney for Defendants

# EXHIBIT 4



null / ALL
**Transmittal Number: 30332509**
**Date Processed: 11/25/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Essence Oliphant<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | JJ Jacobson-Allen<br>Heather Hunter |

| | |
|---|---|
| **Entity:** | Family Dollar Stores of Michigan, LLC<br>Entity ID Number  3697592 |
| **Entity Served:** | Family Dollar Stores of Michigan, LLC |
| **Title of Action:** | Barbara Lear vs. Family Dollar Stores of Michigan, LLC |
| **Matter Name/ID:** | Barbara Lear vs. Family Dollar Stores of Michigan, LLC (16562432) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | 43rd District Court, MI |
| **Case/Reference No:** | 24-000605-NO |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 11/25/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Michigan Slip and Fall Lawyers<br>616-447-8847 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com